# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JOANN BEACH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 25-cv-00690-CDL |
| | ) |
| WAL-MART STORES EAST, LP d/b/a | ) |
| WALMART STORE #4273 | ) |
| | ) |
| Defendants. | ) |

## DEFENDANT'S ANSWER TO PLAINTIFF'S PETITION

COMES NOW Defendant, Wal-Mart Stores East, LP ("Wal-Mart" or "Defendant"), by and through its attorneys of record, Margaret M. Clarke and Hailey N. Huber of the law firm Latham, Keele, Lehman, Ratcliff, Carter & Clarke, P.C., and for its Answer to the Plaintiff's Petition states the following:

1. Defendant denies each and every allegation contained in Plaintiff's Petition unless expressly admitted hereinafter.

2. Wal-Mart is without knowledge or information sufficient to form an opinion as to the truth of the matters asserted in paragraph 1 Plaintiff's Petition and therefore denies the same.

3. Paragraph 2 of Plaintiff's Petition is admitted.

4. Wal-Mart is without knowledge or information sufficient to form an opinion as to the truth of the matters asserted in paragraph 3 Plaintiff's Petition and therefore denies the same.

5. With respect to the allegations contained in paragraph 4 of the Plaintiff's Petition, Wal-Mart states that the duties of an invitor are more fully set forth in Oklahoma law as

opposed to paragraph 4 of the Plaintiff's Petition. Therefore, Defendant denies the allegations contained in paragraph 4 of Plaintiff's Petition and demands strict proof thereof.

6. Wal-Mart denies the allegations contained in paragraphs 5, 6 (a)-(f), 7 and 8 of Plaintiff's Petition.

7. Wal-Mart specifically denies those allegations contained in the "WHEREFORE" paragraph of the Plaintiff's Petition.

## AFFIRMATIVE DEFENSES

1. Defendant generally and specifically denies all of the Plaintiff's claims of damages and demands strict proof as to all such claimed damages.

2. The Plaintiff's claims are barred pursuant to the doctrine of contributory negligence.

3. The condition was open and obvious.

4. Plaintiff is limited in recovery for any alleged damages, which damages are generally and specifically denied, to those expenses actually incurred.

5. The Plaintiff's recovery of medical bills is limited to the amount actually paid.

Wal-Mart specifically reserves the right to amend this answer to include additional general or affirmative defenses upon the completion of discovery.

JURY TRIAL DEMANDED

Respectfully submitted,

LATHAM, KEELE, LEHMAN,
RATCLIFF, CARTER & CLARKE, P.C.


*s/Hailey N. Huber*
Margaret M. Clarke, OBA # 16952
Hailey N. Huber, OBA # 35416
1515 East 71st Street, Suite 200
Tulsa, OK 74136
(918) 970-2000 Telephone
(918) 970-2002 Facsimile
mclarke@law-lkl.com
hhuber@law-lkl.com
*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on December 23, 2025, I electronically transmitted the foregoing document to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

    Tony W. Edwards, OBA #2649
    Matthew Patterson, OBA #22266
    Allison A. Furlong, OBA #35115
    *Attorneys for Plaintiff*


*s/Hailey N. Huber*
Hailey N. Huber